Darryl **FIELDS** and Renee **Fields, Appellants,**

v.

**MILLSAP AND SINGER, P.C.,** Successor **Trustee, and Wells Fargo Bank, NA., Respondents.**

No. WD 70237.

Missouri Court of Appeals, Western District.

Aug. 18, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 22, 2009.

Application for Transfer Denied Nov. 17, 2009.

Larry D. Coleman, Esq., Raytown, MO, for appellant.

Charles S. Pullium, III, Esq., and Scott D. Mosier, Esq., Chesterfield, MO, for respondent.

Before DIVISION ONE: ALOK AHUJA, Presiding Judge, JAMES M. SMART and LISA WHITE HARDWICK, Judges.

LISA WHITE HARDWICK, Judge.

Darryl Fields and Renee Fields ("Fields") appeal the circuit court's grant of summary judgment in favor of Millsap & Singer, P.C., and Wells Fargo Bank, NA., (collectively, "Respondents"), on the Fields' claims for rescission, quiet title, and damages for wrongful foreclosure. The Fields contend there were genuine issues of material fact that precluded summary judgment. They also contend the circuit court erred in failing to consolidate

an unlawful detainer action with this action. For reasons explained herein, we dismiss the appeal of summary judgment on the claims for rescission and quiet title and affirm summary judgment on the claim for damages for wrongful foreclosure.

FACTUAL AND PROCEDURAL HISTORY

The Fields owned a home in Belton, Missouri. They took out two loans, each secured by a deed of trust that pledged their home ("property") as security for the loans. The loan secured by the first deed of trust was in the original principal amount of $616,000.00. The loan secured by the second deed of trust was in the original principal amount of $154,000.00.

The Fields defaulted on their loan payments. On January 17, 2006, Wells Fargo, as the holder of the second note and deed of trust, referred the second deed of trust to Millsap & Singer, the successor trustee, to begin foreclosure proceedings. Wells Fargo purchased the property at the foreclosure sale on February 21, 2006.

In April 2006, the Fields filed a first amended petition for rescission, quiet title, and damages for wrongful foreclosure against Respondents. In their claims for rescission and quiet title, the Fields alleged they were not given notice of their right to redeem the property under Section 443.410, RSMo 2000.[1] They asked the circuit court to rescind the foreclosure sale and restore the status quo so they could pay off or bring current their payments on the second deed of trust. In the wrongful foreclosure claim, the Fields alleged that they were entitled to damages because they were not properly notified of their right to cure, as set forth in Section 408.555, and were not given "a meaningful opportunity" to exercise it.

1. All statutory references are to the Revised Statutes of Missouri 2000.

In November 2006, the first deed of trust was foreclosed upon, and Deutsche Bank purchased the property at the foreclosure sale. Respondents subsequently filed a joint motion for summary judgment on all of the Fields' claims. While the motion for summary judgment was pending, Deutsche Bank filed a separate suit for unlawful detainer against the Fields to obtain possession of the property. The Fields filed a motion to consolidate Deutsche Bank's unlawful detainer action with this case. While the motion to consolidate was pending, the circuit court entered judgment in favor of Deutsche Bank on its unlawful detainer claim. The court did not expressly rule on the motion to consolidate.

The circuit court granted Respondents' motion for summary judgment. The Fields appeal.

### ANALYSIS

### Summary Judgment Ruling

■ In Point I, the Fields contend the circuit court erred in granting summary judgment on their claims for rescission, quiet title, and damages for wrongful foreclosure. Respondents contend the appeal is moot as to the Fields' claims for rescission and quiet title. "A case is moot where an event occurs that makes the court's decision unnecessary or makes it impossible for the court to grant effectual relief." *Carlisle v. Carlisle*, 277 S.W.3d 801, 802 (Mo.App.2009). Respondents argue the recent event that makes it impossible for this court to grant relief is the

foreclosure on the first deed of trust and Deutsche Bank's purchase of the property at the foreclosure sale.

■ "In Missouri, the earliest recorded, or 'senior,' deed of trust generally has priority over later recorded, or 'junior,' deeds of trusts." *Golden Delta Enters., L.L.C. v. U.S. Bank*, 213 S.W.3d 171, 175 (Mo.App.2007). "The proper foreclosure of a senior deed of trust extinguishes deeds of trust and other interests junior to it." *Id.* "This is because a purchaser at the foreclosure sale acquires title as it existed on the date the foreclosed deed of trust was recorded." *Id.*

■ When Wells Fargo purchased the property at the foreclosure sale on the second deed of trust, its interest was junior to that of the first deed of trust. When the first deed of trust was foreclosed upon and Deutsche Bank purchased the property at the foreclosure sale, Wells Fargo's interest in the property was extinguished. Deutsche Bank took the property free and clear of Wells Fargo's junior interest. Thus, even if the Fields were to prevail in this appeal, they would not be entitled to the relief of rescission or quiet title because Deutsche Bank's purchase of the property at the foreclosure sale divested all of the parties to this appeal—the Fields, Millsap & Singer, and Wells Fargo—of any right, claim, or title to the property.[2] Because it is impossible for us to grant any relief to the Fields on their claims for rescission and quiet title, we dismiss as moot their appeal of the summary judgment on those claims.[3]

2. The Fields do not refer us to any proceeding in which they are currently challenging the propriety of Deutsche Bank's foreclosure on its first deed of trust.

3. There are two exceptions in which we are permitted to exercise our discretion to hear moot appeals. These exceptions are: (1) where the case becomes moot after it has

been argued and submitted; and (2) where the case presents an issue that is of general public interest and importance, the issue will recur, and the issue will evade appellate review in future live controversies. *Carlisle,* 277 S.W.3d at 802. Neither exception applies here.

The only reviewable issue from the Fields' Point I is whether the circuit court properly granted summary judgment on their claim for damages for wrongful foreclosure. Our review of a summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We view the record in the light most favorable to the party against whom judgment was entered and give that party the benefit of all reasonable inferences. *Id.* We will uphold the grant of summary judgment where no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law. *Id.*

■ "A tort action for damages for wrongful foreclosure lies against a mortgagee only when the mortgagee had no right to foreclose at the time foreclosure proceedings were commenced." *Dobson v. Mortgage Elec. Registration Sys., Inc./ GMAC Mortgage Corp.*, 259 S.W.3d 19, 22 (Mo.App.2008). If the right to foreclose existed, no tort cause of action for wrongful foreclosure can be maintained. *Id.* Hence, "[a] plaintiff seeking damages in a wrongful foreclosure action must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose." *Id.*

The Fields admitted they were in default when the foreclosure proceeding commenced. Nevertheless, the Fields argue there are genuine issues of material fact concerning whether Wells Fargo was the legal and beneficial owner of the note secured by the second deed of trust and, therefore, had the right to foreclose.

■ The Fields raise this claim for the first time on appeal. Generally, we are confined to addressing only those issues properly raised in the motion for summary judgment and the responses thereto. *Hef-*

*fernan v. Reinhold,* 73 S.W.3d 659, 663 (Mo.App.2002). Nevertheless, a gratuitous review of the record indicates that there are no genuine issues of material fact regarding whether Wells Fargo was the legal and beneficial owner of the note secured by the second deed of trust.

■ In their first amended petition, the Fields referred to Wells Fargo as "the mortgagee." In support of their summary judgment motion, Respondents presented an affidavit from an employee of Countrywide Home Loans, who is the subservicer for Impac Funding, who, in turn, is the subservicer for Wells Fargo. In the affidavit, the employee stated that Wells Fargo was the "holder of the loan constituting the Second Deed of Trust on the Property." The Fields' failure to present any contrary evidence in their response to the motion for summary judgment constituted an admission that Wells Fargo was, in fact, the legal and beneficial owner of the note secured by the second deed of trust. Rule 74.04(c)(2).

■ The Fields also assert that genuine issues of material fact remain regarding whether they received proper notice of their right to cure before Wells Fargo foreclosed. The record clearly shows that the Fields received three written notices of their thirty-day right to cure before Wells Fargo foreclosed. The record further demonstrates the notices complied with Section 408.555. Moreover, we note that whether the Fields received proper notice is irrelevant to their claim for damages for wrongful foreclosure. The term "wrongful foreclosure" has been used both in suits in equity as a basis for setting aside a sale and in suits at law as a basis for recovering tort damages. *Dobson,* 259 S.W.3d at 22. "However, what constitutes a 'wrongful foreclosure' sufficient to set aside a sale and what constitutes a 'wrongful foreclo-

sure' sufficient to recover damages in tort are not the same." *Id.* While the mortgagee's alleged wrongful acts may be sufficient to quiet title or set aside a sale, damages may not be recovered for wrongful foreclosure where the plaintiff fails to show that it was not in default. *Id.*

The evidence was undisputed that the Fields were in default and that Wells Fargo, as the mortgagee, had the right to foreclose. As a matter of law, the Fields cannot recover damages for wrongful foreclosure. The circuit court did not err in granting summary judgment on this claim. Point I is denied.

**Motion to Consolidate**

In Point II, the Fields contend the circuit court erred in failing to consolidate Deutsche Bank's unlawful detainer case with this case. They argue the cases should have been consolidated pursuant to Rule 66.01(b) because there were common questions of fact and the suits involved the same property. The decision to consolidate cases is within the circuit court's discretion and will be affirmed unless we find the circuit court abused its discretion. *In re Adoption of H.M.C.,* 11 S.W.3d 81, 91 (Mo.App.2000).

On June 3, 2008, the Fields filed their motion to consolidate. Three days later, the judge in the Deutsche Bank case entered judgment in favor of Deutsche Bank on its unlawful detainer claim after a trial on the merits. The judge in the instant case never expressly ruled on the motion to consolidate, presumably because the motion became moot once judgment was entered in the Deutsche Bank case.

Regardless, we cannot conclude that the circuit court abused its discretion in failing to grant the Fields' motion to consolidate. Although the Fields refer to Deutsche Bank's unlawful detainer case, they did not include a copy of the petition in the record on appeal. "The record on appeal must contain all information necessary to the determination of issues presented for review." *Long v. Twehous Contractors, Inc.,* 904 S.W.2d 285, 289 (Mo. App.1995) (internal quotation marks omitted). As the appellants, the Fields have a duty to furnish a complete record. *Id.* Because the Fields did not provide us with a copy of the petition from the other proceeding, we are unable to make a determination as to whether the circuit court should have consolidated the two cases. *Id.* Point II is denied.

CONCLUSION

We dismiss as moot the Fields' appeal of the summary judgment entered against them on their rescission and quiet title claims. In all other respects, the judgment is affirmed.

All Concur.