**RELIANCE BANK, A Banking Corporation, Respondent,**

v.

**William MUSSELMAN and Susan S. Hall, Appellants.**

**No. ED 98721.**

Missouri Court of Appeals, Eastern District, Division Five.

July 2, 2013.

---

Gregory P. White, Clayton, MO, for appellant.

Jay B. Umansky, Shelley Porter, St. Louis, MO, for respondent.

ROBERT M. CLAYTON III, Presiding Judge.

William Musselman and Susan Hall (collectively "Borrowers") appeal the trial court's judgment granting summary judgment in favor of Reliance Bank ("Reliance") on Borrowers' counterclaim for wrongful foreclosure. We affirm.

## I. BACKGROUND

Borrowers executed a promissory note in May 2003, borrowing money from Reliance. Borrowers secured the loan with Reliance using four separate pieces of property. The promissory note required Borrowers to make thirty-five regular payments with a final balloon payment due on May 14, 2006. Thereafter, Borrowers and Reliance executed a change in terms agreement, extending the maturity date of the loan to May 14, 2009. The final balloon payment due on May 14, 2009, pursuant to the change in terms agreement, was not paid. Notice of default was sent to Borrowers, and thereafter, foreclosure proceedings were commenced on the four properties securing the loan.[1] A deficien-

---

1. We note several irregularities with respect to the foreclosures on the four properties. The first series of foreclosures occurred October 26, 2009; however, due to a typographical error discovered relating to the le-

cy balance remained following the foreclosures, and Reliance filed suit against Borrowers to recover the balance. Borrowers counterclaimed for damages claiming wrongful foreclosure. Both parties filed motions for summary judgment. The trial court granted Reliance's motion, finding that the undisputed facts showed Borrowers were in default on the promissory note when Reliance began foreclosure proceedings, and thus, Borrowers could not claim damages in tort for wrongful foreclosure. Reliance subsequently dismissed the deficiency action, and Borrowers now appeal.

## II. DISCUSSION

### A. Standard of Review

We review the trial court's grant of summary judgment *de novo*. *Fields v. Millsap & Singer, P.C.*, 295 S.W.3d 567, 571 (Mo.App. W.D.2009) (citing *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993)). If the movant is a defending party, as Reliance is here, summary judgment is proper if that party shows, among other things, that Borrowers, after adequate discovery, will not be able to produce evidence sufficient to allow a trier of fact to find the existence of one or more of Borrowers' required elements of proof. *Hampton v. Carter Enterprises, Inc.*, 238 S.W.3d 170, 173–74 (Mo.App. W.D.2007).

### B. Wrongful Foreclosure

In points one and two on appeal, Borrowers claim the trial court erred in granting summary judgment in favor of Reliance. Specifically, in point one, Borrowers claim the grant of summary judgment was

gal description of one property, a second foreclosure sale was held.

**2.** Borrowers also present a third and final point on appeal, arguing the court erred in denying their motion for summary judgment

erroneous because the foreclosures were wrongful and they claimed equitable relief as well as damages. In point two, Borrowers claim the court's grant of summary judgment was erroneous because the undisputed facts do not show they were in default at the time foreclosure proceedings on the properties began. In the interest of clarity, we address point two on appeal first.[2]

### 1. Default

As previously stated, Borrowers claim the undisputed facts show they were not in default on the loan, and, therefore, Reliance's foreclosures on the four properties were wrongful. An action in wrongful foreclosure for damages lies only where the mortgagee does not have the right to foreclose at the time the foreclosure proceedings were commenced. *Fields*, 295 S.W.3d at 571 (quoting *Dobson v. Mortgage Elec. Registration Sys., Inc./GMAC Mortg. Corp.*, 259 S.W.3d 19, 22 (Mo.App. E.D.2008)). If the mortgagor had the right to foreclose, no tort cause of action for wrongful foreclosure can be maintained. *Id.* Thus, a party seeking damages for wrongful foreclosure must plead and prove he or she was not in default, giving rise to the right to foreclose, at the time the foreclosure proceedings began. *Id.*

In the present case, despite Borrowers' claim to the contrary, we find it is undisputed that Borrowers were in default when foreclosure proceedings on the four properties commenced. The change in terms agreement required a final payment on May 14, 2009. The agreement defined "payment default" as where Borrowers fail "to make any payment when due under the

because the foreclosures were wrongful and void *ab initio*. Because our review of the propriety of summary judgment in favor of Reliance is dispositive, we need not address Borrowers' third point.

indebtedness." In addition, the definition of "other defaults," included Borrowers' failure to "comply with or perform any other term, obligation, covenant or condition" contained in the agreement. Nothing in the record reflects the final payment was ever made pursuant to the requirements of the change in terms agreement and promissory note. In addition, Musselman admitted he did not make the final payment. Musselman also acknowledged he received notice he was in default and was notified Reliance planned to foreclose on the properties. A signed certified mail receipt shows Borrowers each received notice of their default from Reliance.

Nevertheless, Borrowers contend they were not in default because they had orally modified the loan. Borrowers also argue they cannot be considered to have been in default because they did not receive notice of the foreclosure and were denied the opportunity to pay off the loan prior to the commencement of foreclosure proceedings. We disagree.

■ As the trial court noted, as a general rule, contracts, such as the loan at issue here, are required by the statute of frauds to be in writing and cannot be modified by oral agreement. *Pacific Carlton Dev. Corp. v. Barber*, 95 S.W.3d 159, 164 (Mo. App. W.D.2003). Thus, any subsequent oral amendment to the promissory note would not be enforceable. *Id.* As a result, the alleged oral agreement to extend the terms of the loan would not have modified the terms of the written promissory note or the change in terms agreement modifying the original note. Based upon the undisputed facts in the summary judgment record before us, including Musselman's own admission concerning his failure to make the requisite payment on the note, Borrowers were in default.

■ In addition, Borrowers' argument concerning the alleged lack of notice of the foreclosure also fails. The court in *Fields* addressed the same argument, finding that whether the claimants received proper notice was "irrelevant" to their claim for damages for wrongful foreclosure. 295 S.W.3d at 571. The court noted the term "wrongful foreclosure" can be used both in suits in equity to set aside a sale and in suits at law to recover tort damages. *Id.* The court further recognized the distinction between what constitutes "wrongful foreclosure" to set aside a sale and what constitutes "wrongful foreclosure" to recover damages in tort. *Id.* at 571–72. While alleged wrongful acts may be sufficient to recover in equity, a claimant cannot recover damages for wrongful foreclosure where the claimant fails to show he or she was not in default. *Id.* at 572. As discussed above, the undisputed facts in this case show Borrowers were in default, and therefore, they cannot recover damages for wrongful foreclosure. Point two on appeal is denied.

### 2. Damages

■ In their first point on appeal, Borrowers contend the court erred in granting summary judgment in favor of Reliance because the foreclosure was wrongful and they sought equitable relief as well as damages. We agree there were several irregularities with respect to Reliance's foreclosure proceedings. As noted above, alleged wrongful acts may be sufficient to recover in equity. *Fields*, 295 S.W.3d at 572. Nevertheless, Borrowers did not sufficiently make an equitable claim against Reliance for wrongful foreclosure and thus are not entitled to equitable relief. Although Borrowers argue they did seek equitable relief in addition to damages, their counterclaim contains only a final sentence requesting "any other relief that this Court deems just, fair and equitable under the circumstances." This is not sufficient

to plead a claim for equitable relief relating to the wrongful foreclosure. *See City of Greenwood v. Martin Marietta Materials, Inc.,* 311 S.W.3d 258, 264 (Mo.App. W.D.2010) (general language in prayer for relief is not a "panacea" for unpleaded causes of action). There is no request to set aside the sale or to quiet title as a result of the alleged wrongful foreclosure in Borrowers' petition. Instead, Borrowers only claim damages for wrongful foreclosure. Thus, any irregularity in the foreclosure proceedings was irrelevant to their tort claim, and the proper remedy would have been a suit in equity to set aside the sale. *Dobson,* 259 S.W.3d at 22. Because Borrowers did not make such a claim, summary judgment in favor of Reliance on Borrowers' claim for damages for wrongful foreclosure was proper. Point one on appeal is denied.

## III. CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

GLENN A. NORTON, J. and ZEL M. FISCHER, Sp. J., concur.