# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-2033

_____

Christopher A. Barnes

*Plaintiff - Appellant*

v.

Federal Home Loan Mortgage Corporation; Wells Fargo Bank, N.A.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: December 24, 2013
Filed: January 9, 2014
[Unpublished]

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this action challenging the non-judicial foreclosure sale of his home, Christopher Barnes appeals after the district court[1] granted a Federal Rule of Civil

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

Procedure 12(b)(6) motion to dismiss filed by Federal Home Loan Mortgage Corporation and Wells Fargo Bank, N.A. (defendants). Barnes's complaint set forth two separate wrongful-foreclosure claims seeking equitable relief and damages, respectively, and it additionally set forth a quiet-title claim based on an allegation that Barnes had superior title to both defendants.

Upon careful de novo review, we conclude that the wrongful-foreclosure claims were properly dismissed. See Butler v. Bank of America, N.A., 690 F.3d 959, 961 (8th Cir. 2012) (standard of review). Under the particular circumstances of this case, Barnes's complaint effectively acknowledged that defendants had the power to execute a foreclosure sale of his home, and it did not adequately allege a circumstance that would have denied defendants the right to exercise that power. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (where complaint pleads facts that are merely consistent with defendant's liability, it stops short of line between possibility and plausibility of entitlement to relief). We also conclude that Barnes's quiet-title claim was properly dismissed, because his superior-title allegation relied upon the viability of his wrongful-foreclosure claims. See Ollison v. Vill. of Climax Springs, 916 S.W.2d 198, 203 (Mo. 1996) (plaintiff in action to quiet title has burden to prove title superior to other party).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____