DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DR. MASSOOD JALLALI** and **FALLON RAHIMA JALLALI,**
Appellants,

v.

**CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-15,**
Appellee.

No. 4D19-2717

[May 20, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jack B. Tuter, Judge; L.T. Case No. CACE 16006194.

Eugene Steele, Fort Lauderdale, for appellants.

Jacqueline Simms and Nicholas S. Agnello of Burr & Forman, LLP, Fort Lauderdale, for appellee.

KLINGENSMITH, J.

Dr. Massood Jallali ("Dr. Jallali") and his daughter, Fallon Rahima Jallali ("Ms. Jallali"), appeal a final judgment granting summary judgment in a wrongful foreclosure and malicious prosecution action they filed against Christiana Trust ("the Trust"), the foreclosure plaintiff in the underlying action. As set forth below, we affirm on all issues.

In February 2006, the Jallalis purchased a residential property with funds from a mortgage loan. One month later, Dr. Jallali deeded his interest in the subject property to Ms. Jallali and she became the sole titleholder. Not long after, Ms. Jallali refinanced the mortgage loan that she and Dr. Jallali used to purchase the property. After receiving the new mortgage when she refinanced, Ms. Jallali only made two monthly payments before she defaulted. In May 2007, Countrywide Home Loans, Inc. ("Countrywide") initiated a foreclosure action against Ms. Jallali based upon a payment default under the loan. Dr. Jallali was not a party to this foreclosure action because he previously deeded his interest in the property to Ms. Jallali. But after Countrywide started the foreclosure

action, Dr. Jallali was granted the right to intervene claiming that he had a $160,000 interest in the property.

In January 2013, Ms. Jallali filed for Chapter 13 bankruptcy, admitting in her petition that she owed debts to Countrywide related to the note and mortgage. After converting her Chapter 13 bankruptcy into a Chapter 7 bankruptcy, Ms. Jallali was granted a discharge of her debts. In August 2013, Ms. Jallali deeded the property back to Dr. Jallali, who was named as one of his daughter's creditors.

The Trust acquired the right to enforce the Jallali note and mortgage in November 2013. Countrywide represented to the Trust through business records that it had acquired the right to enforce the loan prior to when it filed its 2007 foreclosure action. The following month, the Trust was substituted as the party plaintiff in the case. That case proceeded through the courts at trial and on appeal. Ultimately, this court reversed the Final Judgment of Foreclosure entered in favor of the Trust, finding that the proof offered at trial was insufficient to prove that Countrywide, and thus the Trust by virtue of substitution, had standing at the inception of the 2007 foreclosure action. *See Jallali v. Christiana Trust*, 184 So. 3d 559 (Fla. 4th DCA 2016). Thereafter, this court issued a substituted opinion solely to clarify instructions to the trial court on remand. *See Jallali v. Christiana Trust*, 200 So. 3d 149 (Fla. 4th DCA 2016). After the substituted opinion issued, the trial court entered a Final Judgment in favor of the defendants. In this matter, Dr. Jallali remains the only titleholder of the property.

After we reversed the Final Judgment of Foreclosure, the Jallalis went on the offense. They then sued the Trust for wrongful foreclosure and malicious prosecution for bringing the 2007 foreclosure action as well as defending the subsequent appeal. They also sued the Trust's appellate lawyers for wrongful foreclosure and malicious prosecution in a separate case that was consolidated by the trial court with the lawsuit against the Trust solely for the purposes of discovery.

Both the Trust and the law firm defendants moved for summary judgment after discovery concluded. The trial court granted both of those motions for summary judgment and entered two separate orders detailing the rulings. Subsequently, the trial court entered its Final Judgment in favor of the Trust which serves as the basis for this appeal.[1]

---

[1] The appeal of the Final Judgment entered in favor of the law firm defendants came to this court by separate appeal where we affirmed *per curiam* the summary

The Jallalis raise four issues on appeal: first, whether the trial court erred in consolidating the cases against the Trust and the law firm defendants for the purposes of discovery; second, whether the trial court erred in granting summary judgment for the Trust on the wrongful foreclosure claim; third, whether the trial court erred granting summary judgment for the Trust on the malicious prosecution claim; and fourth, whether the court erred in finding that the Jallalis lacked standing. For the reasons set forth below, we affirm on all issues. Because the Jallalis' claims were legally insufficient as a matter of law, we need not address the trial court's ruling regarding standing. *See Special v. W. Boca Med. Ctr.*, 160 So. 3d 1251, 1256 (Fla. 2014) (stating that the harmless error standard applies in civil cases).

I. Consolidation

A decision regarding consolidation "falls within the sound discretion of the trial court." *Barnes v. Meece*, 530 So. 2d 958, 958 (Fla. 4th DCA 1988). Under Florida Rule of Civil Procedure 1.270(a), "[w]hen actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

To aid trial courts in the interpretation of Rule 1.270, the Fifth District decision in *State Farm Fla. Ins. Co. v. Bonham*, 886 So. 2d 1072 (Fla. 5th DCA 2004) is instructive. There, the court stated that the factors a trial court may consider include the following:

> (1) whether the trial process will be accelerated due to the consolidation; (2) whether unnecessary costs and delays can be avoided by consolidation; (3) whether there is the possibility for inconsistent verdicts; (4) whether consolidation would eliminate duplicative trials that involve substantially the same core of operative facts and questions of law; and (5) whether consolidation would deprive a party of a substantive right.

*Id.* at 1074. Despite the plethora of reasons cited by the Jallalis about why they believe consolidating the two cases for discovery was imprudent, they have shown nothing that indicates the decision was improper in light of

judgment granted to those defendants by the trial court. *See Jallali v. Giasi*, 4D19-1639, 2020 WL 2025986, at *1 (Fla. 4th DCA Apr. 23, 2020).

the considerable discretion trial judges have when making case management decisions. *See Barnes*, 530 So. 2d at 958. Therefore, we affirm the trial court's order granting consolidation.

## II. Wrongful Foreclosure

"The standard of review of an order granting summary judgment is de novo." *Fla. Atl. Univ. Bd. of Trs. v. Lindsey*, 50 So. 3d 1205, 1206 (Fla. 4th DCA 2010) (quoting *Bender v. CareGivers of Am., Inc.*, 42 So. 3d 893, 894 (Fla. 4th DCA 2010)).

"Florida recognizes a cause of action for wrongful foreclosure." *Bank of N.Y. Mellon v. Reyes*, 126 So. 3d 304, 309 n. 4 (Fla. 3d DCA 2013). "The elements of a claim for wrongful foreclosure are: (1) that a foreclosure sale occurred; and (2) the plaintiff was not in default." *See Laperla v. Partner's Mortg. Corp.*, 3:11-CV-00167-RCJ, 2012 WL 1681859 at *3 (D. Nev. May 11, 2012). Additionally, courts have stated that "mere technical violations of the foreclosure process will not give rise to a tort claim; the foreclosure must have been entirely unauthorized on the facts of the case." *Miles v. Deutsche Bank Nat'l Tr. Co.*, 186 Cal. Rptr. 3d 625, 636 (Cal. Ct. App. 2015).

### A. Whether a foreclosure sale occurred

"A claim for wrongful foreclosure requires that the property in question be sold at a foreclosure sale." *Cox-Tanner v. Taylor, Bean, & Whitaker Mortg. Corp.*, 3:09-BK-7047-JAF, 2011 WL 5245420 at *5 (Bankr. M.D. Fla. Oct. 24, 2011). The Jallalis advance the argument in support of this cause of action that they are entitled to bring their wrongful foreclosure suit because the property at issue was sold at an auction and a certificate of sale issued. This glosses over the fact that the certificate of sale was subsequently vacated. More importantly, a certificate of title to the property was never issued and Dr. Jallali remains in possession of the property as the sole titleholder. *See Bank of N.Y. Mellon v. Glenville*, 252 So. 3d 1120, 1125 (Fla. 2018) (stating that the term sale refers "to the actual transfer of ownership that takes place upon the issuance of the certificate of title"). Thus, at best, the Jallalis have pled a claim for attempted wrongful foreclosure, which "no Florida court has yet recognized." *Reyes*, 126 So. 3d at 309 n.4.

### B. Whether a default occurred

4

"A plaintiff seeking damages in a wrongful foreclosure action must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose." *Dobson v. Mortg. Elec. Registration Sys., Inc./GMAC Mortg. Corp.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008); *see also Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983) (stating that the "material issue of fact in a wrongful foreclosure claim is whether the [mortgagor] was in default").

On this point, the Jallalis' wrongful foreclosure claim also fails as a matter of law because Ms. Jallali admitted, and it was otherwise unrebutted, that she defaulted on her loan. *See Dobson*, 259 S.W.3d at 22; *Collins*, 662 P.2d at 623. Therefore, "any injury the [Jallalis] suffered [wa]s the direct result of their own default on the loan and failure to successfully negotiate and abide by more favorable terms." *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1253 (11th Cir. 2015).

As a result, we affirm the trial court's summary judgment in favor of the Trust on the Jallalis' wrongful foreclosure claim.

III. Malicious Prosecution

In *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994), the Florida Supreme Court prescribed the elements of a malicious prosecution claim:

> (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding. *The failure of a plaintiff to establish any one of these six elements is fatal to a claim of malicious prosecution.*

*Id.* (emphasis added) (citations omitted). Here, the Jallalis failed to meet nearly every one of these six elements.

Regarding the first and second elements, Dr. Jallali cannot show that the Trust either "commenced" or was "the legal cause" of the proceedings

5

against him. Here, the original foreclosure suit was filed against Ms. Jallali only. Dr. Jallali's involvement in this proceeding arises because he intervened in that 2007 foreclosure action filed against his daughter. If Dr. Jallali had not intervened, he would have been just an "interested party" due to his asserted lien on the property. He cannot claim aggrieved status under the first and second elements by inviting himself into the litigation upon his own motion after the lawsuit was commenced.

With respect to the third element, neither of the Jallalis can prove that the original proceeding was ever terminated, much less terminated in their favor. Although the Jallalis successfully got the 2007 foreclosure action dismissed without prejudice for a lack of standing on appeal, a "[d]ismissal of a . . . suit for lack of standing does not qualify as a 'bona fide termination' in the defendant's favor." *Rowen v. Holiday Pines Prop. Owners' Ass'n, Inc.,* 759 So. 2d 13, 16 (Fla. 4th DCA 2000). When a dismissal without prejudice is entered, the parties are restored to the same contractual relationship as they were before the foreclosure suit. *See Bartram v. U.S. Bank Nat. Ass'n,* 211 So. 3d 1009, 1019 (Fla. 2016). This means the foreclosure plaintiff is then free to file another suit premised on a "separate and distinct" default. *See id.*

As to the fifth element, Ms. Jallali admitted she defaulted on the mortgage loan at issue. This negated any claim that the Trust did not have probable cause to bring the 2007 foreclosure action, or that they brought it with malice. On this point, the facts are undisputed: Ms. Jallali took out a mortgage; she defaulted on that mortgage; the Trust filed a foreclosure suit; and it obtained a Final Judgment of Foreclosure. That Final Judgment was later reversed by this court and the foreclosure suit involuntarily dismissed due to a procedural defect. Because these facts are not in dispute, the question of probable cause—and consequently the question of malice — was one the trial court could rightfully decide. *See Gause v. First Bank of Marianna,* 457 So. 2d 582, 584 (Fla. 1st DCA 1984).

The trial court's initial grant of the Final Judgment of Foreclosure (prior to this court's reversal) indicated that the Trust's actions were arguably meritorious and thus, negated these claims. From the record it is clear that Countrywide represented to the Trust that they had the right to enforce the loan. Additionally, there was never a finding that the Trust (through Countrywide) could not have proved standing under any circumstances — only that they were unable to do so due to a failure of proof based on the evidence presented at trial. Because Ms. Jallali is still in default on the mortgage, the Trust may initiate another foreclosure proceeding, if they have not done so already, premised on a separate and distinct payment default. *See Bartram,* 211 So. 3d at 1019. Thus, any

failure on the Trust's part to prove Countrywide's standing at the inception of the 2007 action was a "mere technical violation[] of the foreclosure process." *See Miles*, 186 Cal. Rptr. 3d at 636.

Finally, regarding the sixth element, the Jallalis cannot show that they incurred any relevant damages because, as we have pointed out, their property was never foreclosed upon. *See Sparra v. Deutsche Bank Nat'l Tr. Co.*, 785 S.E.2d 78, 82 (Ga. Ct. App. 2016) ("Sparra's home was never actually foreclosed upon, which bars him from recovering damages for a wrongful foreclosure."). Although the Jallalis did incur legal fees defending the 2007 foreclosure action, those fees were "the direct result of their own default on the loan." *See Haynes*, 793 F.3d at 1253; *see also Miles*, 186 Cal. Rptr. 3d at 636.

IV.    Conclusion

In conclusion, we find no error by the trial court in consolidating the two cases for the purpose of discovery. The court also properly granted summary judgment on the Jallalis' wrongful foreclosure and malicious prosecution claims.

*Affirmed.*

WARNER and KUNTZ, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***