U.S. BANK NATIONAL
ASSOCIATION,
Respondent,

v.

Jeana M. BURNS, Appellant,

and

Trustees of Wildhorse, Respondent.

No. ED 99551.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 27, 2013.

Jennifer A. Coke, St. Louis, MO, for appellants.

Michael E. Boyd, St. Peters, MO, for respondent.

GARY M. GAERTNER, JR., Judge.

*Introduction*

Jeana Burns (Appellant) appeals the trial court's summary judgment in favor of U.S. Bank National Association (U.S. Bank), as Indenture Trustee for the Registered Holders of Aegis Asset Back Securities Trust 2005–2, Mortgage Backed Notes (Securities Trust). Appellant also appeals the trial court's judgment on the pleadings in favor of Trustees of Wildhorse (Subdivision). Appellant argues that there are disputed issues of material fact that precluded summary judgment, and that the judgment on the pleadings erroneously included an unrelated party. We affirm the summary judgment and modify the judgment on the pleadings under Rule 84.14.[1]

*Background*

On August 24, 1999, Appellant obtained title through a Missouri Warranty Deed to property located at 1536 Honey Locust Court in Chesterfield, Missouri (Property). Appellant recorded the warranty deed in the St. Louis County Records. The deed contained the Property's address as well as a correct legal description of the Property. Title to the Property is solely in Appellant's name. Also on August 24, 1999, Daryl Burns executed an Assent to

1. All rule references are to Mo. R. Civ. P.   (2012), unless otherwise indicated.

Execution of Deeds and Waiver of Marital Rights, waiving any right to the Property. This document was also recorded in the St. Louis County Records.

On April 1, 2005, Appellant executed a promissory note (Note) in favor of Aegis Funding Corporation (Aegis) in the amount of $496,300.00. Attached to the Note was a deed of trust (Deed of Trust) for the Property that Appellant executed in favor of Aegis, to secure repayment of the loan. The Deed of Trust listed Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary, and it stated that MERS acted as a nominee for Aegis. The Deed of Trust listed the Property's correct address but contained an incorrect legal description of the Property.[2] Again, Daryl Burns executed an Assent to Execution of Deeds and Waiver of Marital Rights (Second Waiver), which was recorded in the St. Louis County Records on April 8, 2005. This document contains the same incorrect legal description of the Property.

On January 31, 2008, MERS, as nominee for Aegis, executed an Assignment of Deed of Trust (Assignment) assigning all of its rights, title, and interest in the Deed of Trust "together with any and all notes and obligations therein described or referred to" to U.S. Bank, as Indenture Trustee for the Securities Trust. This Assignment was recorded in the St. Louis County Records, and it contained the same incorrect legal description of the Property.

On August 18, 2010, U.S. Bank filed suit against Appellant, Daryl Burns, and Subdivision, seeking in Counts I through III to reform the Deed of Trust, the Second Waiver, and the Assignment, respectively, to reflect the correct legal description of the Property. In Count IV, U.S. Bank requested that the trial court declare the Deed of Trust the first-priority lien against the Property and quiet title to the Property in Appellant's name, subject to the Deed of Trust.

In November 2011, Subdivision filed a cross-claim against Appellant and Daryl Burns requesting payment of outstanding subdivision assessments, late fees, and collection costs. Subdivision had previously recorded in the St. Louis County Records a lien against the Property for such fees, pursuant to Subdivision's policies applicable to the Property.

US Bank moved for summary judgment on all counts of its petition, and Subdivision moved for judgment on the pleadings regarding its cross-claim. The trial court granted both motions. In its summary judgment, the trial court ordered that the incorrect legal descriptions described above be reformed and declared the Deed of Trust a valid and enforceable lien against the Property. The trial court quieted title to the Property in the name of Appellant, subject to the Deed of Trust. In its judgment on the pleadings, the trial court ordered Appellant and Daryl Burns jointly and severally liable for subdivision fees and attorney's fees in the amount of $14,929.00. This appeal follows.

### Discussion

Appellant raises two points on appeal. First, she argues that the trial court erred

---

**2.** The parties agree the correct legal description is contained in Appellant's originally recorded warranty deed:

> Lot 245 of Wildhorse Village I Record Plat One, a subdivision in St. Louis County, Missouri, according to the plat thereof recorded in Plat Book 322 page 47 of the St. Louis County Records.

The legal description contained in the Deed of Trust was identical except for the lot number, which is listed as "Lot 345." The parties agree that the Deed of Trust's legal description is incorrect.

in granting summary judgment in favor of U.S. Bank, because a genuine dispute exists regarding a material fact, namely, whether U.S. Bank had an interest in the Property. In Point II, Appellant argues the trial court erred in granting Subdivision's motion for judgment on the pleadings against Daryl Burns, because he has no ownership interest in the Property. Subdivision agrees that Daryl Burns has no interest in the Property and should therefore have no liability for fees awarded by the trial court in its judgment on the cross-claim. Thus, Point II is granted. We consider Appellant's remaining point below.

### Standard of Review

Our review of a trial court's grant of summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Co.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We take as true the movant's facts supported by affidavit or otherwise, unless contradicted by the nonmoving party's response. *Id.* We view the record in the light most favorable to the non-moving party, according the non-movant the benefit of all reasonable inferences. *Id.* The propriety of summary judgment is purely an issue of law. *Id.* Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 74.04(c).

### Point I

■ Appellant argues the trial court erred in granting summary judgment because a genuine factual dispute exists regarding whether U.S. Bank was entitled to enforce the Deed of Trust. We disagree.

The trial court made the following finding:

> The Deed of Trust is held by [US Bank] and is a valid and enforceable lien

against the Property and [US Bank] is entitled to enforce the provisions thereof.

Appellant's primary argument is that MERS' attempt in the Assignment to transfer the Deed of Trust together with the Note, when MERS was not a party to the Note, was ineffective. *See Bellistri v. Ocwen Loan Servicing, LLC*, 284 S.W.3d 619, 623 (Mo.App.E.D.2009) (invalidating attempted assignment of note with deed of trust where assignor was not party to note). However, given the circumstances here and applicable law, a different question requires threshold consideration.

■ In Missouri, "[a] deed of trust securing a negotiable note passes with it. . . ." *Goetz v. Selsor*, 628 S.W.2d 404, 405 (Mo.App.S.D.1982) (citing *Smith v. Holdoway Constr. Co.*, 129 S.W.2d 894, 899 (Mo.1939)). "[A] party entitled to enforce a note is also entitled to enforce the deed of trust securing that note. . . ." *In re Washington*, 468 B.R. 846, 853 (Bankr. W.D.Mo.2011) (applying Missouri law). Thus, regardless of the Assignment, we first consider whether U.S. Bank is entitled to enforce the Note, and thereby the Deed of Trust with it.

Missouri has adopted the Uniform Commercial Code (UCC), which governs commercial transactions. Chapter 400, RSMo. (Supp.2012). Application of the UCC is straightforward regarding this question of who may enforce the Note. *See Washington*, 468 B.R. at 853. The holder of a negotiable instrument is entitled to enforce it. Section 400.3–301. A holder is one (1) who possesses the instrument, and (2) to whom the instrument is made payable. Section 400.1–201(20). Here, the Note was payable "to the order of Lender." "Lender," as defined by the Note, is Aegis. Aegis originally possessed the Note, and thus, Aegis was the original holder of the Note. Neither party disputes this fact.

US Bank contends it then became the holder of the Note by virtue of the endorsements on the Note made by Aegis. Endorsements made by the holder of a negotiable instrument are either "special" or "blank." Section 400.3–205. A special endorsement identifies a person to whom it makes the instrument payable. Section 400.3–205(a). Any endorsement by the holder that is not a special endorsement is a blank endorsement. Section 400.3–205(b). When an instrument is endorsed in blank, it becomes payable to its bearer and may be negotiated by transfer of possession alone until specially endorsed. Section 400.3–205(b); *Wohlschlaeger v. Dorsey,* 206 S.W.2d 677, 680(Mo.App.1947).

US Bank attached a copy of the Note to its petition. U.S. Bank attached in its motion for summary judgment an affidavit by Nicole Melton, the Contract Management Coordinator of U.S. Bank's loan servicer, attesting that the copy of the Note attached to the petition was a "true and correct copy of the Note." That copy of the Note shows a special endorsement by Aegis, the original holder of the Note, to Aegis Mortgage Corporation. There is also a blank endorsement by Aegis Mortgage Corporation on the Note. U.S. Bank asserted in its reply memorandum in support of its motion for summary judgment that the Note was in its counsel's possession. U.S. Bank argues that the blank endorsement coupled with its possession of the Note makes U.S. Bank the holder of the Note. *See* Sections 400.3–205(b), 400.1–201(20).

Appellant disputes the validity of these endorsements. In her response to U.S. Bank's motion for summary judgment, Appellant offered a different copy of the Note. This copy did not contain any endorsements, and Appellant argues that a genuine factual dispute exists regarding whether the Note was endorsed to U.S. Bank. However, Appellant's copy of the Note had an attached allonge,[3] specially endorsing the Note to U.S. Bank, as Indenture Trustee of the Securities Trust.[4] Appellant also attached the affidavit of Johnna Miller, an authorized signer for Ocwen Loan Serving, LLC, the servicer for U.S. Bank. Ms. Miller attested that U.S. Bank was in physical possession of the Note and was the holder of the Note. Appellant does not dispute the validity of the allonge.[5]

Therefore, documents submitted by both parties in the record confirm U.S. Bank is

**3.** An allonge is "[a] piece of paper annexed to a negotiable instrument or promissory note on which to write endorsements for which there is no room on the instrument itself." *Bremen Bank & Trust Co. of St. Louis v. Muskopf,* 817 S.W.2d 602, 607 (Mo.App.E.D.1991) (quoting Black's Law Dictionary 100 (4th ed.1968)). An allonge is considered part of the note, and an endorsement on an allonge is effective even if there is room on the note for an endorsement. Section 400.3–204(a), Comment 1.

**4.** Appellant also argues that U.S. Bank did not prove it was the Indenture Trustee for the Securities Trust, and therefore, U.S. Bank has no standing to enforce the Deed of Trust. In each document in the record relevant to the issue on appeal, where U.S. Bank appears, it is listed as the Indenture Trustee for the Securities Trust. Regardless, Appellant has not demonstrated how that fact, even if U.S. Bank was not the Indenture Trustee, is material to the determination of whether U.S. Bank is the holder of the Note under the UCC.

**5.** In the summary judgment proceedings below, Appellant disputed the validity of the allonge based on its effective date in relation to a servicing agreement applicable to the Securities Trust. Appellant does not make this argument on appeal. Regardless, neither the date of any endorsement nor any provision of an outside servicing agreement is relevant to the determination under the UCC of whether U.S. Bank is the holder of the Note. *See Washington,* 468 B.R. at 852–53.

in possession of the Note. Both copies of the Note contain endorsements: one specially to U.S. Bank on the attached allonge, and one in blank on the Note itself. Appellant has failed to establish the existence of a genuine factual dispute regarding either the endorsement of the Note to U.S. Bank or U.S. Bank's possession of the Note. These facts qualify U.S. Bank as the holder of the Note under the UCC. Section 400.1–201(20). As such, U.S. Bank is also the holder of the Deed of Trust, and therefore entitled to enforce the Deed of Trust. *See Washington,* 468 B.R. at 853. Thus, whether the Assignment effectively transferred the Deed of Trust to U.S. Bank is irrelevant. Point denied.

### Conclusion

We find no genuine issue of material fact and no error of law in the trial court's conclusion that U.S. Bank was entitled to summary judgment as a matter of law. We affirm the summary judgment.

Regarding the trial court's judgment on the pleadings in favor of Subdivision, as neither the facts nor this Court's legal conclusion are in dispute, we exercise our ability to enter the proper judgment under Rule 84.14. *See Mitalovich v. Toomey,* 206 S.W.3d 361, 365 (Mo.App.E.D.2006) (modification of judgment is especially appropriate where there are no disputed facts). Therefore, we modify the trial court's judgment on the pleadings to remove Daryl Burns, and we affirm the judgment as modified in favor of Subdivision and against Appellant.

ROBERT M. CLAYTON, III, C.J., MICHAEL K. MULLEN, S.J., concur.