### DEUTSCHE BANK NATIONAL TRUST COMPANY, Respondent,

### v.

### Wallace W. VAUGHN, et al., Appellant.

### WD 79530

Missouri Court of Appeals, Western District.

OPINION FILED: July 18, 2017

194

Shawn T. Briner, Town and Country, MO, for respondent.

Wallace W. Vaughn, pro se.

Before Division One: Gary D. Witt, Presiding Judge, Alok Ahuja, Judge and Edward R. Ardini, Jr., Judge

Gary D. Witt, Judge

Appellant, Wallace Vaughn ("Vaughn") appeals the judgment of the Circuit Court of Jackson County, Missouri finding for Deutsche Bank National Trust Company ("Deutsche Bank") on its petition to reform a Deed of Trust held by Deutsche Bank, to reflect that it is secured by a property owned by Vaughn located at 933 East 77th Terrace, and entering declaratory judgment that Deutsche Bank held a superior interest in the property over the named defendants in the petition. Vaughn raises six points on appeal. We affirm.

### Factual Background

Vaughn and Jennifer Vaughn[1] ("Jenni-

---

1. Jennifer Vaughn is Vaughn's ex-wife. She did not file an answer to Deutsche Bank's petition and the court found her to be in default. She is not a party to this appeal.

fer")[2] acquired title by Special Warranty Deed to two pieces of real property located in Jackson County, Missouri: One property is commonly described as 933 East 77th Terrace ("77th Terrace Property") and one property is commonly described as 6232 College ("College Property"). On October 19, 2005, Vaughn and Jennifer refinanced the properties and entered into a Deed of Trust ("Deed of Trust"). The Deed of Trust secures a Promissory Note dated October 19, 2005, in the amount of $87,300.00 (the "Note"). The Deed of Trust describes the real estate it encumbers inconsistently, referring to the common address and tax identification number for the 77th Terrace Property but containing the legal description for the College Property.

Deutsche Bank filed a petition seeking reformation of the Deed of Trust to substitute the legal description for the 77th Terrace Property for the legal description of the College Property ("Petition"). The Petition also sought a declaratory judgment that the Deed of Trust encumbered the 77th Terrace Property and had priority, despite intervening conveyances to Wallace Vaughn Investments, LLC, KC Quality Investments, LLC, and then back to Vaughn individually. Since the execution of the Note and Deed of Trust, the property was conveyed to Wallace Vaughn Investments, LLC for $1, then to KC Quality Investments, LLC for $10, and then back to Vaughn individually for $10. At the time of trial, Vaughn, individually, owned the 77th Terrace Property. Wallace Vaughn Investments, LLC, KC Quality Investments, LLC, Vaughn, and Jennifer were all named as defendants in the Petition. Wallace Vaughn Investments, LLC and

KC Quality Investments, LLC did not appeal from the judgment and are not parties to this appeal.

Following a trial held on December 15, 2015, the court entered judgment on February 1, 2016, in favor of Deutsche Bank, allowing it to reform the Deed of Trust to properly reflect the legal description of the 77th Terrace Property and declaring that the 77th Terrace Property was subject to the Deed of Trust and took priority despite the intervening transfers ("Judgment").

Vaughn is the sole defendant to appeal the court's judgment.[3]

## Discussion

### I.

Vaughn raises six points on appeal. His first Point Relied On alleges that the trial court erred in finding that Deutsche Bank had standing to proceed on its Petition.

### Standard of Review

▬ "Because standing is a question of law, review of the issue on appeal is *de novo*." *CACH, LLC v. Askew*, 358 S.W.3d 58, 61 (Mo. banc 2012). We, however, "defer to the factual findings of the trial court and apply those facts to the law." *Mannering Condo. Ass'n v. Schulte*, 462 S.W.3d 830, 834 (Mo. App. E.D. 2015).

▬ Generally, standing exists when a plaintiff has "a legally cognizable interest in the subject matter" and a "threatened or actual injury." *U.S. Bank, N.A. v. Smith*, 470 S.W.3d 17, 23 (Mo. App. W.D. 2015). In the case of a Deed of Trust, standing can be established by demon-

---

**2.** Because Jennifer Vaughn shares a last name with Wallace Vaughn, we refer to Jennifer by her first name for purposes of clarity and ease of reference. No familiarity or disrespect is intended.

**3.** Vaughn represented himself *pro se* in the trial court and before this court. Wallace Vaughn Investments, LLC and KC Quality Investments, LLC were represented by counsel at trial.

strating that the party has the right to enforce the promissory note that the deed of trust secures. *U.S. Bank Nat'l Ass'n v. Burns*, 406 S.W.3d 495, 497 (Mo. App. E.D. 2013). Missouri has adopted the Uniform Commercial Code (UCC), which governs commercial transactions. *See* Section 400, *et seq.*[4] "Application of the UCC is straightforward regarding [the] question of who may enforce the Note." *Burns*, 406 S.W.3d at 497. Under Section 400.3-301, the holder of a negotiable instrument is entitled to enforce it. *Id.* "A holder is one (1) who possesses the instrument, and (2) to whom the instrument is made payable." *Id.*; Section 400.1-201(20). An instrument may be endorsed in blank and such instrument then becomes payable to its bearer. Sections 400.3-205(a) and (b). A party that possesses a negotiable instrument containing a blank endorsement that does not identify the person to whom it is payable has standing to enforce the note and, therefore, to bring an action to reform the deed of trust securing that instrument. *Smith*, 470 S.W.3d at 23-24. In this case, the trial court made factual findings that (1) Vaughn and Jennifer signed the Note and Deed of Trust, (2) the Note is assignable, (3) the Note has been endorsed in blank and is payable to the bearer, (4) possession of the Note was delivered to an agent of Deutsche Bank, and (5) Deutsche Bank is entitled to enforce the Note. These factual findings are supported by the record and are sufficient to establish that Deutsche Bank had legal standing to bring an action to reform the Deed of Trust.

■ Vaughn's arguments on appeal are based upon his belief that the trial court relied on its own mistaken belief that Vaughn failed to raise standing in his answer to the Petition as well as the procedure by which the court ruled on the issue of standing. First, all parties are in agreement that the Judgment incorrectly states that Vaughn failed to raise the issue of standing in his answer. Any error was, however, cured by the court itself when the court chose to address the issue of standing in its judgment despite believing it was not properly raised by the pleadings. This error leaves nothing for this court to address or correct because the trial court fully considered and addressed the issue of standing based on the facts adduced at trial.

Vaughn contends that he was prejudiced because he was given no opportunity to present testimony, witnesses, and evidence as to standing. First, Vaughn fails to identify any additional evidence that he would have presented to the trial court regarding standing. *See, generally, City of Riverside v. Progressive Inv. Club of Kansas City, Inc.*, 45 S.W.3d 905, 910 (Mo. App. W.D. 2001) (noting trial court did not err in denying a request to reconsider its judgment because appellant failed to identify the additional evidence it wished to introduce but was prohibited from presenting). But, more importantly, Vaughn *did* have an opportunity to fully present his evidence and argue his position regarding standing to the trial court. Vaughn filed a motion to dismiss the Petition on October 25, 2013, arguing that Deutsche Bank lacked standing to enforce the Deed of Trust. An evidentiary hearing was held on the motion on December 20, 2013, and denied the same day. To the extent that Vaughn had evidence that Deutsche Bank lacked standing, the December 20th hearing gave him full opportunity to present such evidence and make any relevant arguments.

---

4. All statutory citations are to RSMo 2000 as updated through the December 31, 2016 cumulative supplement, unless otherwise indicated.

Vaughn also seems to raise a procedural challenge to the speed with which the trial court ruled on the question of standing at the hearing because the court announced its decision immediately after the close of the evidence. Vaughn argues that the lack of delay shows that the ruling was inaccurate and prejudicial. We disagree. Vaughn presents no authority to support his proposition and the Court knows of no limitation upon the trial court in issuing a clear and swift ruling on those issues brought before the court.

Further, at the subsequent trial of the case, Vaughn again raised the issue of standing before the evidence was presented, and the trial court stated on the record that it would take the issue of standing with the case, providing Vaughn yet another opportunity to present any relevant evidence and argue the issue to the trial court. Vaughn was provided every reasonable opportunity to address this issue in the trial court.

We find that the circuit court did not err in finding that Deutsche Bank, as holder of the Note, had standing to seek reformation of the Deed of Trust and otherwise proceed on its Petition. Point I is denied.

## II.

Vaughn's second Point Relied On alleges that the trial court erred in receiving Plaintiff Exhibits 28 and 29 into evidence because they were hearsay and Deutsche Bank lacked foundation for their admission.

In a bench-tried case, this Court will not overturn the trial court's ruling "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it errone-

ously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We view "all evidence and inferences therefrom in the light most favorable to the prevailing party and disregard[ ] all contrary evidence." *Essex Contracting, Inc. v. Jefferson Cty.*, 277 S.W.3d 647, 652 (Mo. banc 2009) (citation omitted).

Further, on appeal of a court tried case, the appellate court defers to the trial court on factual issues because it is in a better position not only to judge the credibility of witnesses and the persons directly, but also their sincerity and character and other trial intangibles which may not be completely revealed by the record.

*Id.* (internal quotation omitted).

Vaughn challenges the admission of Exhibits 28 (the Note) and 29 (the Deed of Trust) because they contain hearsay. Vaughn argues that while he testified that the signatures on the Note and Deed of Trust "appear" to be his, he testified that they may have been on the document as a result of mortgage fraud by Hamilton Mortgage.[5] Further, he appears to raise challenges to the assignments of the Notes from the original mortgage company—Hamilton Mortgage—to a second company—New Century Mortgage—and then endorsed in blank prior to its transfer to Deutsche Bank. Vaughn argues that because there were no witnesses from Hamilton Mortgage and New Century Mortgage to testify that the documents were authentic, they were inadmissible.

First, as Deutsche Bank argues, Vaughn did not object to the admission of Exhibits 28 and 29 at trial. The only objection to these exhibits was raised

5. The trial court ruled that Vaughn failed to plead fraud in his pleadings before the court and, therefore, evidence of fraud was inad-

missible at trial. Vaughn does not challenge that ruling on appeal.

by the attorney for Wallace Vaughn Investments, LLC and KC Quality Investments, LLC, neither of which is a party to this appeal. "[W]here several parties are entitled to object, an objection made by only one party will not inure to the benefit of a party not joining in the objection, for purposes of preservation of the objection for appeal." *Sasnett v. Jons*, 400 S.W.3d 429, 437 (Mo. App. W.D. 2013) (quoting *Robertson v. Cameron Mut. Ins. Co.*, 855 S.W.2d 442, 447 (Mo. App. W.D. 1993)). To the extent that this Court reviews the admission of Exhibits 28 and 29 it is only for plain error. Rule 84.13(c).[6] When deciding whether to exercise our discretion to conduct plain error review, this Court must determine whether the trial court "committed error that is evident, obvious and clear, which resulted in manifest injustice or a miscarriage of justice." *Rouse v. Cuvelier*, 363 S.W.3d 406, 417 (Mo. App. W.D. 2012). "[W]hile an unpreserved claim may be reviewed for plain error in this Court's discretion, plain error review is rarely applied in civil cases, and may not be invoked to cure the mere failure to make proper and timely objections." *Id.* at 417 (quoting *Atkinson v. Corson*, 289 S.W.3d 269, 276 (Mo. App. W.D. 2009)). "We will reverse for plain error in civil cases only in those situations when the injustice of the error is so egregious as to weaken the very foundation of the process and seriously undermine confidence in the outcome of the case." *Id.* at 418.

██ "Hearsay is testimony containing an out-of-court statement, not made by the declarant under oath, offered to prove the truth of the matter asserted therein." *State v. Shaw*, 847 S.W.2d 768, 777 (Mo. banc 1993). The Note was endorsed in blank so the bearer is entitled to enforce it, and it is in the possession of Deutsche Bank. As the holder of a negotiable instrument endorsed in blank[7], Deutsche Bank is legally entitled to enforce the instrument. Sections 400.1-201(20), 400.3-301, and 400.3-205(b). The endorsement contained in Exhibit 28 was not being admitted to prove the chain of assignment, as the chain of assignment was not necessary, for as the holder of the bearer Note, Deutsche Bank had enforcement rights.

Vaughn admitted in his testimony before the court that he and Jennifer purchased the 77th Terrace Property in May of 2005 and that shortly after the purchase of the property they obtained a construction loan for the property, which was secured by the Deed of Trust. He testified that his signature was on the documents.

Exhibits 28 and 29 were admissible in spite of the hearsay objection.[8]

To the extent that Vaughn raised questions during his trial testimony, or now raises questions on appeal, as to the authenticity of the documents, those are issues as to the weight the documents should be given, not challenges to admis-

---

**6.** All rule references are to the current Missouri Supreme Court Rules unless indicated otherwise.

**7.** Under the UCC, a "[p]erson entitled to enforce" an instrument includes "the holder of the instrument." Section 400.03-301; *US Bank, N.A. v. Smith*, 470 S.W.3d 17, 23 (Mo. App. W.D. 2015). In *U.S. Bank*, Smith obtained a loan from Finance America and signed the note in which he agreed that the note could be assigned and he would be indebted to the lender and its successors. *Id.* at

23. Finance America then endorsed the note in blank. *Id.* Because it was endorsed in blank, the note could be transferred by delivery and possession, and U.S. Bank was able to enforce the note as its holder. *Id.*

**8.** Because we find that the relevant portions of Exhibits 28 and 29 were not inadmissible hearsay, we need not address Vaughn's arguments as to the effect of the business records exception under section 490.680.

sion of those exhibits. To the extent that Vaughn is raising challenges to the weight the trial court gave to the Deed of Trust and Note, despite framing the issue as a challenge to the admission of the exhibits, we find that the trial court had sufficient evidence upon which to believe that the Deed of Trust and Note were signed by Vaughn and that, as the holder of the Note, Deutsche Bank had the right to request reformation of the Deed of Trust securing payment of that Note. Even though in his testimony Vaughn appeared to indicate that there was no loan secured by the 77th Terrace Property, he admitted that he did not pay the taxes or insurance on the property because those are "paid by the mortgage companies."

We find that the trial court did not err in admitting Exhibits 28 and 29 or in finding them persuasive in reaching its judgment. Point II is denied.

### III

 Vaughn's third Point Relied On alleges that the trial court erred in admitting Exhibit 55 because it had not been recorded at the time the Petition was filed by Deutsche Bank, and, therefore, Deutsche Bank lacked standing to proceed on this action at the time it was filed. Exhibit 55 is the "Corporate Assignment of Deed of Trust" transferring the benefits of the Deed of Trust from Hamilton Mortgage Company and New Century Mortgage Corporation. Vaughn's Point Relied On alleges that Exhibit 55 was given improper weight that thus prejudiced Vaughn. His arguments, however, seem instead to address the admissibility of Exhibit 55 rather than its weight. We find that under either argument, the trial court did not err in admitting Exhibit 55 or finding it sufficiently supported the judgment.

Exhibit 55 was executed on October 26, 2005 but was not recorded with the Recorder of Deeds until February 19, 2013. The date it was recorded was after the filing of this action.

 "A trial court's judgment is against the weight of the evidence only if the court could not reasonably have found, from the record at trial, the existence of a fact that is necessary to sustain the judgment." *State ex rel. Greitens v. Am. Tobacco Co.*, 509 S.W.3d 726, 741 (Mo. banc 2017). Vaughn argues that pursuant to sections 442.380 and 442.400, Exhibit 55 was not a valid assignment between Hamilton Mortgage Company to New Century Mortgage Corporation until it was recorded. Because it was not recorded at the time the petition was filed, the Deed of Trust was not yet assigned, and Deutsche Bank had no right to enforce the Deed of Trust as of the initiation of this action. "Under Missouri law, because the note and deed of trust are inseparable, the holder of a note is entitled to enforce the deed of trust securing that note." *Fed. Nat. Mortg. Ass'n v. Conover*, 428 S.W.3d 661, 669 (Mo. App. W.D. 2014). As soon as Deutsche Bank obtained possession of the Note endorsed in blank, it had standing to enforce the Note and the Deed of Trust. *See Smith*, 470 S.W.3d at 23.

Section 442.400 states that real estate instruments shall not be valid "except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the recorder for record." First, we note that section 442.400 only states that the document is invalid as to outside parties and those without actual knowledge thereof until it is recorded. Under section 442.400, the assignment was valid as between Hamilton Mortgage and New Century Mortgage at the time it was executed. Deutsche Bank had the authority to reform the Deed of Trust as long as

it was the holder of the Note because, under Missouri law, the two documents are inseparable. As soon as Deutsche Bank became the holder of the Note, it obtained standing to enforce both the Note and the Deed of Trust. It is immaterial whether the transfer between Hamilton Mortgage and New Century Mortgage was recorded because it was a valid transfer between the two parties and allowed for a valid transfer to Deutsche Bank.

Further, the date upon which Exhibit 55 became "valid" is immaterial to Vaughn's underlying argument that Deutsche Bank lacked authority to enforce the Deed of Trust. As noted above, "a party entitled to enforce a note is also entitled to enforce the deed of trust securing the note." *Burns*, 406 S.W.3d at 497. Thus, it is immaterial when the effective date of the assignment was because we consider whether Deutsche Bank was entitled to enforce the Note, and thereby the Deed of Trust. *See id.* The trial court found that Deutsche Bank was entitled to enforce the Note, and Exhibit 55 has no bearing on that ruling.[9] To the extent Vaughn's challenge is to the admissibility of Exhibit 55, we need not even consider such an argument because to the extent its admission was improper, it was harmless error. *See Boten v. Brecklein*, 452 S.W.2d 86, 96 (Mo. 1970) (admission of evidence is harmless error where the fact sought to be shown is otherwise fully and properly established).

We find that the trial court did not err in admitting Exhibit 55 even though the

Deed of Trust was not recorded at the time the Petition was filed. The date of assignment was immaterial as to Deutsche Bank's standing to reform the Deed of Trust to properly reflect that the Note was secured by this real property, as the property was owned by Vaughn and he had notice of the obligation under both the Note and Deed of Trust. *Tate v. Sanders*, 245 Mo. 186, 149 S.W. 485, 487-88 (Mo. 1912). The interim transfers of the real property to Wallace Vaughn Investments, LLC and KC Quality Investments, LLC had no impact on the enforceability of the obligation as to Vaughn, who was fully aware of the debt and the fact it was intended to be secured by the 77th Terrace Property. *Id.* Point III is denied.

### IV

Vaughn's fourth Point Relied On alleges that the trial court erred in admitting Exhibit 55 because it was a conveyance that was not properly recorded under section 490.290. Section 490.290 allows for self-authenticating deeds and conveyances. It states:

Any deed or conveyance, duly acknowledged or proved and recorded, according to any law in force at the time of taking such acknowledgement or proof, although not declared by such law to be evidence, shall be received in evidence, if it appear to have been duly recorded in the proper office, within one year from its date, and more than twenty years from the time it is offered in evidence.

---

9. We note that our holding may be different if the two intervening owners—Wallace Vaughn Investments, LLC and KC Quality Investments, LLC—were purchasers of the property for value without notice of the encumbrance and argued that the Deed of Trust was not discoverable and they relied on that fact in making their purchase. *See Bolten v. Colburn*, 389 S.W.2d 384, 389-90 (Mo. App. 1965). First, Exhibit 55 only relates to the assignment of the Deed of Trust. Further, Wallace Vaughn Investments, LLC and KC Quality Investments, LLC did not purchase for valuable consideration but merely $1 and $10, respectively. Both were entities owned by Vaughn, who was fully aware of the obligations of the Deed of Trust and the Note, and the transfers were presumably made to fraudulently avoid Vaughn's creditors—a presumption not rebutted by Vaughn. *See id.* at 390.

Section 490.290. The purpose of this statute is to allow documents acknowledged under "former law" to be admitted into evidence even though acknowledgment requirements might have changed. *See Walkup v Evinger*, 653 S.W.2d 383, 387-88 (Mo. App. W.D. 1983). The relevant statute herein is section 490.410, which allows any document affecting real estate which is "acknowledged or proved, and certified as herein prescribed" to be admitted into evidence without further proof. This statute, when read with section 490.430, establishes the document's admissibility and creates a presumption of validity and shifts the burden to the opposing party to show its invalidity. *Wilcox v. Coons*, 359 Mo. 52, 220 S.W.2d 15, 19-20 (Mo. banc 1949). Exhibit 55 was certified by the Jackson County, Missouri, Recorder of Deeds and was not required to be filed within one year to be a self-authenticating document. Exhibit 55 meets the requirements of section 490.410, and the court did not error in admitting it into evidence. Point IV is denied.

## V

Vaughn's fifth Point Relied On alleges that the trial court erred in admitting Exhibit 57 because it shows that Deutsche Bank did not have standing at the time the Petition was filed and that without this evidence the judgment was otherwise against the weight of the evidence. Exhibit 57 is the Second Written Assignment of the Deed of Trust, which was dated July 25th, 2013 and recorded on August 9, 2013, the same day and immediately following the recording of Exhibit 55. This document assigns the beneficial interest in the Deed of Trust from New Century Mortgage Corporation to Deutsche Bank. Vaughn's arguments are the same as those given in his third and fourth Points Relied On regarding the admissibility and effect of the assignment of the Deed of Trust reflected in Exhibit 55. For the same reasons stated in the analysis of those points above, the trial court did not err in admitting Exhibit 57 or considering it as proper evidence regarding the proper party to enforce the Deed of Trust on this property. Point V is denied.

## VI

 Vaughn's final Point Relied On alleges that the trial court erred in entering judgment for Deutsche Bank because it relied on evidence not admitted at trial. The challenged evidence is a typewritten letter ("Trial Exhibit 71") filed in Jennifer's bankruptcy case on November 1, 2007, in which Vaughn demanded that he be allowed to cure a default in the loan on 77th Terrace Property. Trial Exhibit 71 was marked as an exhibit and discussed at length but never offered or admitted into evidence.

Trial Exhibit 71 was marked for identification at trial, and Vaughn identified his signature and handwriting on the letter. Deutsche Bank asked Vaughn a series of questions regarding the letter. Vaughn answered these questions without objection and did not object to the use of Trial Exhibit 71.

We note that this issue was not preserved for appeal because Vaughn failed to object to the use of the exhibit or raise this issue in his Motion for New Trial. But, even if it had been preserved for appeal, during his testimony Vaughn testified to all of the relevant information which was contained in Exhibit 71. He admitted that he wrote the letter, that it was filed in his former wife's bankruptcy case, that in the letter he requested that he be allowed to cure the default on the loan, and that it references the loan as being secured by 77th Terrace Property. Thus, all of the relevant information contained within Exhibit 71 was properly before the trial court without objection and by Vaughn's own

testimony. The trial court did not err in considering, in reaching its judgment, the portions of Exhibit 71, which were properly in evidence. Point VI is denied.

## Conclusion

For the reasons stated above, we affirm.

All concur